UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LINDA FREWERT,
              Plaintiff,

  -against-

J.P. EXPRESS SERVICE, INC. and
ROBERT PELOSI,
              Defendants,
-------------------------------------------------------------X

**COMPLAINT**

*Jury Trial Demanded*

Plaintiff, LINDA FREWERT ("Plaintiff"), by and through her attorney, the Law Office of Peter A. Romero PLLC, as and for her Complaint against J.P. EXPRESS SERVICE, INC. and ROBERT PELOSI ("Defendants"), alleges and complains as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Defendants to redress unlawful employment practices in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq., as amended by the ADA Amendments Act ("ADAAA") (collectively, the "ADA"), and the New York State Human Rights Law, New York Executive Law §290 et seq. ("NYSHRL"). Plaintiff seeks injunctive and declaratory relief, compensatory damages, liquidated damages, punitive damages, attorneys' fees and other appropriate relief.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper within this judicial district pursuant to 28 U.S.C. §1391.

4. Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination under Charge Number 520-

2020-05192. The EEOC issued a notice of dismissal and Right to Sue, dated February 25, 2021. Plaintiff commenced this action within ninety days of February 25, 2021.

5. Plaintiff timely filed a charge of retaliation with the EEOC alleging retaliation under Charge Number 520-2021-00381. The EEOC issued a notice of dismissal and Right to Sue, dated February 25, 2021. Plaintiff commenced this action within ninety days of February 25, 2021.

## THE PARTIES

6. Plaintiff is an adult female and a "qualified individual with a disability" within the meaning of the ADA. Plaintiff suffers from Multiple Sclerosis (MS), a disease of the central nervous system that substantially limits Plaintiff's neurological function.

7. Defendant, J.P. EXPRESS SERVICE, INC. ("J.P."), is a domestic business corporation with 15 or more employees that is engaged in the trucking industry and provides specialized transportation service.

8. Defendant, ROBERT PELOSI ("PELOSI"), is a shareholder and officer of J.P. and participated in the discrimination and retaliation complained of herein.

## FACTUAL ALLEGATIONS

9. As a result of her disability, Plaintiff experiences numbness in her legs and feet, difficulty balancing, muscle weakness, and chronic pain. Plaintiff is substantially limited in her ability to walk and climb stairs. She is able to ambulate with great difficulty and use of a cane.

10. Plaintiff commenced employment with Defendant in January 1999, as a full-time hourly paid employee.

11. Throughout Plaintiff's employment with Defendant, she has been a loyal, dedicated and conscientious employee.

12. For most of Plaintiff's employment with Defendant, she has worked in collections and accounting.

13. Despite her disability, Plaintiff is able to perform all of the requirements of her job with reasonable accommodation.

14. Until Plaintiff filed a charge of discrimination with the EEOC alleging discrimination on the basis of disability in violation of the ADA, her workstation was situated in the attic of the building in which Defendant's business is located. As a result, Plaintiff was forced to climb stairs with her cane in order to work. The attic was infested with racoons and a black liquid substance continuously dripped from the portable air conditioning unit above Plaintiff's workstation onto her desk.

15. Until Plaintiff filed a charge of discrimination with the EEOC, Defendant denied Plaintiff's requests to relocate her workstation from the attic to the first floor and refused to remove the barriers that made ambulating more difficult for her.

16. Because Defendant is an essential business it continued to operate without interruption during the Covid-19 pandemic. Nevertheless, on March 25, 2020, Defendant's Controller, Michael Pisano ("Pisano"), told Plaintiff, "*You have MS and shouldn't be here.*" Pisano instructed Plaintiff to stay home for fourteen days. No other employees were sent home or instructed not to report for work.

17. On April 3, 2020, Pisano informed Plaintiff that she was being laid-off after more than 21 years of loyal, dedicated service. No other employees were laid-off. Pisano specifically tied this employment action to Plaintiff's disability. Pisano told Plaintiff that it would better for her because she has MS. Plaintiff advised Pisano that she did not wish to be laid-off and that her MS did not prevent her from working.

18. Upon Plaintiff's return to work, Christina Powell, Credit and Collection Manager, reduced her work hours from 40 hours per week to 30 hours per week, which significantly reduced Plaintiff's earnings. Powell stripped Plaintiff of many of her responsibilities and reassigned them to Marisa Malandro, who had been employed with Defendant for approximately one year and had substantially less experience than Plaintiff. On July 27, 2020, Powell told Plaintiff, "*You should go on disability of MS.*"

19. During Plaintiff's forced absence from work, her email settings were changed to generate an automatic reply to inform recipients that she was on an "*extended leave of absence.*" After Plaintiff returned to work, Powell refused to permit Plaintiff to change the automatic response to reflect the fact that she was no longer on a leave of absence. After Plaintiff returned to work, she was harassed by Powell, who constantly monitored the frequency of her bathroom breaks as part of a campaign intended to force Plaintiff to resign her position.

20. On or about September 4, 2020, Plaintiff filed a Charge of Discrimination against Defendant with the EEOC under charge number 520-2020-05192 alleging discrimination in employment on the basis of disability in violation of the ADA.

21. Defendant's Chief Executive Officer, Defendant PELOSI, received a copy of Plaintiff's Charge of Discrimination by email and overnight courier.

22. Defendants subsequently retaliated against Plaintiff for filing a charge of discrimination. On or about September 29, 2020, PELOSI summoned Plaintiff to his office and threatened to make it very "*unpleasant*" for her to continue working at J.P. unless she withdrew her charge of discrimination. PELOSI told Plaintiff that he would not relocate her workstation to a lower level of the building to accommodate her disability. PELOSI's ultimatum was intended

4

to, and in fact did, cause Plaintiff to feel intimidated, fear further reprisal and place her in apprehension of losing her job.

23. Defendants discriminated against Plaintiff because of her disability and/or perceived disability in violation of the ADA and the Human Rights Law.

24. Defendants refused to provide reasonable accommodation for Plaintiff's disability in violation of the ADA and the Human Rights Law.

25. Defendants retaliated against Plaintiff for opposing discrimination on the basis of disability in violation of the ADA and the Human Rights Law.

26. Due to Defendants' discrimination and retaliation, Plaintiff has suffered loss of income and substantial emotional harm.

## FIRST CLAIM FOR RELIEF
## ADA REASONABLE ACCOMMODATION

27. Plaintiff repeats and realleges each and every allegation contained herein.

28. Defendant was aware of Plaintiff's disability and need for reasonable accommodation.

29. Defendant failed to make reasonable accommodation for Plaintiff's disability.

30. As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer mental anguish, embarrassment, humiliation, and other incidental and consequential damages.

31. Defendant refused and/or failed to accommodate Plaintiff's disability in conscious disregard of Plaintiff's rights, thus Plaintiff is entitled to an award of punitive damages.

## SECOND CLAIM FOR RELIEF
## ADA DISCRIMINATION

32. Plaintiff repeats and realleges each and every allegation contained herein.

33. Defendant discriminated against Plaintiff in the terms and conditions of her employment because of Plaintiff's disability and/or perceived disability.

34. As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer loss of earnings, mental anguish, embarrassment, humiliation, and other incidental and consequential damages.

### THIRD CLAIM FOR RELIEF
### ADA RETALIATION

35. Plaintiff repeats and realleges each and every allegation contained herein.

36. Defendant retaliated against Plaintiff because of her protected activity.

37. As a proximate result of Defendant's retaliation, Plaintiff has suffered and continues to suffer mental anguish, embarrassment, humiliation, and other incidental and consequential damages.

38. Defendant retaliated against Plaintiff in conscious disregard of Plaintiff's rights, thus Plaintiff is entitled to an award of punitive damages.

### FOURTH CLAIM FOR RELIEF
### NYSHRL REASONABLE ACCOMMODATION

39. Plaintiff repeats and realleges each and every allegation contained herein.

40. Defendant was aware of Plaintiff's disability and need for reasonable accommodation.

41. Defendant failed to make reasonable accommodation for Plaintiff's disability.

42. As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer mental anguish, embarrassment, humiliation, and other incidental and consequential damages.

43. Defendant refused and/or failed to accommodate Plaintiff's disability in conscious disregard of Plaintiff's rights, thus Plaintiff is entitled to an award of punitive damages.

### FIFTH CLAIM FOR RELIEF
### NYSHRL DISCRIMINATION

44. Plaintiff repeats and realleges each and every allegation contained herein.

45. Defendant discriminated against Plaintiff in the terms and conditions of her employment because of Plaintiff's disability and/or perceived disability.

46. As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer loss of earnings, mental anguish, embarrassment, humiliation, and other incidental and consequential damages.

### SIXTH CLAIM FOR RELIEF
### NYSHRL RETALIATION

47. Plaintiff repeats and realleges each and every allegation contained herein.

48. Defendant retaliated against Plaintiff because of her protected activity.

49. As a proximate result of Defendant's retaliation, Plaintiff has suffered and continues to suffer mental anguish, embarrassment, humiliation, and other incidental and consequential damages.

50. Defendant retaliated against Plaintiff in conscious disregard of Plaintiff's rights, thus Plaintiff is entitled to an award of punitive damages.

### DEMAND FOR JURY TRIAL

51. Plaintiff repeats and realleges each and every allegation contained herein.

52. Plaintiff demands a trial by jury.

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendant herein alleged, Plaintiff demands judgment as follows:

    a. Declaring that Defendant violated the aforementioned statutes;

    b. Awarding Plaintiff back pay with interest and compensatory damages;

    c. Awarding Plaintiff punitive damages;

    d. Awarding Plaintiff attorneys' fees and the costs and disbursements of this action;

    e. Such other and further relief as the Court deems just and proper.

Dated: Hauppauge, New York
       May 14, 2021

                           LAW OFFICE OF PETER A. ROMERO PLLC

           By:   */s Peter A. Romero*

                         Peter A. Romero, Esq.
                         825 Veterans Highway
                         Hauppauge, New York 11788
                         Tel. (631) 257-5588
                         promero@romerolawny.com

                         *Attorney for Plaintiff*